ROBERT GOLDSTEIN (SBN 184226)
EDUARDO GONZALEZ (SBN 123929)
Law Offices of Robert L. Goldstein
100 Bush Street, Suite 501
San Francisco, CA 94104
Phone: (415) 391-8700
Fax: (415) 391-8701

Attorneys for Debtor
PRITHPAL SINGH

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

In re

PRITHPAL SINGH,

    Debtor.

Case No. 24-50983 SLJ - 13

Chapter 13

**DEBTOR'S OBJECTION TO APPLICATION FOR COMPENSATION BY FORMER ATTORNEY FOR DEBTOR**

Date: January 23, 2025
Time: 10:00 a.m.
Judge: Honorable Stephen Johnson
Place: United States Bankruptcy Court
       Telephone/Video

## DEBTORS' OBJECTION TO APPLICATION FOR COMPENSATION

## BY FORMER ATTORNEY FOR DEBTOR

Debtor Prithpal Singh ("Debtor") objects as grossly excessive and unreasonable the Application for compensation by his former attorney, Ms. Susan Silveira ("Applicant") in this chapter 13 case [ECF No. 20] seeking attorney's fees of **$13,950** (in addition to the $1,000 received prior to the filing of this case on June 28, 2024. On December 16, 2024, Mr. Singh has filed a Noice of voluntary dismissal of this case pursuant to *11 U.S.C. § 1307(b). See* ECF No. 23.

Mr. Singh submits that the application is unconscionable, particularly where the fees sought bear no rational relationship to either the *11 U.S.C. § 330(a)* "reasonable compensation for actual, necessary services" or thee presumptively reasonable fees under this Court's Guidelines.

1

For example, Applicant seeks compensation of ***$7,275.00*** for **19.4 hours** of attorney time in the period from January 16, 2024 through June 28, 2024 (the filing date) for "begin" and "work on" petition and Schedules. *See* ECF No. 20-1 at 4-7 (Exhibit "A" to Declaration of Applicant, Billing statement).

Further, Applicant seeks compensation pf ***$1,987.50*** for **5.3 hours** of attorney time in the period from April 25, 2024 through June 26, 2024 (the filing date) for "work on" Profit & Loss Statement.

These two categories total **$9,262.50** for ***24.7 hours*** of requested compensation reflect neither reasonable nor prudent billing judgment by Applicant, particularly since the case was nowhere near confirmation of a plan, the Trustee filed three objections to plan confirmation in addition to an objection to Debtor's claim of exemption, and Debtor sought new counsel and requested dismissal of the case. *See* ECF No. 13 (Trustee's Objection to Confirmation), ECF (o. 14 (Objection to Claim of Exemptions), ECF No. 15 (Trustee's Statement of Non-Readiness for Confirmation, filed August 26, 2024), ECF No. 16 (Trustee's First Amended Objection to Confirmation), and ECF No. 19 (Trustee's Second Amended Objection to Confirmation, filed September 19, 2024). Moreover, no Rights and Responsibilities, signed by Debtor has been filed in this case. *See* ECF No. 1 (55-page Petition and Schedules document excludes and Rights and Responsibilities form).

Debtor submits that at most, Applicant should be awarded $3,750.00 (including the $1,000 fee taken prior to case filing). *See* ECF No. 2, Disclosure of Compensation of Attorney.

## I. BACKGROUND

Debtor's chapter 13 Petition was filed on June 28, 2024, where Debtor retained Applicant on or about December 8, 2023. *See* ECF No. 20-1 at 4 (Applicant's Interim Statement). By the time the filing of the Petition occurred on June 28, 2024, Applicant had billed for 27.6 hours **(a sum of $10,350.00)** *to prepare the Petition and Schedules.* Id at pp 4-7.

Despite the inordinate amount of time expended by Applicant prior to filing, the Trustee's numerous objection and statement of non-readiness belie the reasonableness or necessity of the "work" for which Applicant seeks compensation in this motion.

2

DEBTORS' OBJECTION TO APPLICATION FOR COMPENSATION BY FORMER ATTORNEY

Case: 24-50983   Doc# 25   Filed: 01/09/25   Entered: 01/09/25 17:23:24   Page 2 of 4

# ARGUMENT

## Applicant does not show compliance with 11 U.S.C. § 330(a), as this Section only permits "reasonable compensation for actual, necessary services."

*11 U.S.C. § 330(a)* permits only "*reasonable* compensation for actual, *necessary* services" for which the court may award less than requested, and may disallow compensation entirely for services "not reasonably likely to benefit the debtor's estate; or necessary to the administration of the estate." (Emphasis added.) *§ 330(a)(4)(A).*

Debtor respectfully submits that this request for compensation is grossly inflated and unreasonable. *Id.*

The court may award compensation that is "**less than the compensation that is requested**" based on the factors enumerated in *§ 330(a)(2) and (a)(3).* (Emphasis added.) Importantly, *§ 330(a)(4)(A) prohibits* compensation for services that were not "reasonably likely to benefit the debtor's estate; or necessary to the administration of the case." (Emphasis added.)

As stated in *Roberts, Sheridan & Kotel, P.C. v Bergen Brunswig Drug Co. (In re Mednet)* 251 B.R. 103, 106 (9th Cir. BAP. 2000):

> "*Section 330(a)(1)* authorizes 'reasonable compensation for actual, necessary services rendered' by a professional. Section 330(a)(2) authorizes a court to award compensation that is less than the amount requested. *Section 330(a)(3)(A)* outlines the factors a court should consider when determining what is reasonable compensation for services rendered. In addition, *section 330 (a)(4)(A)* outlines when compensation should not be allowed."

The question is whether the professional services were reasonably likely to benefit the estate at the time rendered. *Id.*

In determining a reasonable fee, the court must consider whether these services for which compensation is sought were necessary or beneficial to the administration of the estate. *Id.* Certainly, important to this consideration is whether the professional exercised reasonable billing judgment such as "is the burden of the probable cost of the legal services disproportionately large in relation to the size of the estate…" *Mednet* at 108 n. 7 (citation omitted.)

Here, it is plainly evident that at the time Applicant expended to file the Petition are patently unreasonable and warrant an award of no more than 10 hours of work ($3,750 billed at $375.00), including the pre-petition fee of $1,000 already paid by Debtor Mr. Singh.

Just as important for the court to consider in awarding compensation to a professional such as herein, is that the Court must consider whether the professional exercised billing judgment. *See In re Mednet,* 251 B.R. at 108; *see also Unsecured Creditors' Comm. v Puget Sound Plywood, Inc. (In re Puget Sound Plywood),* 924 B,R. at 958 (noting that "a bankruptcy professional is not free "to run up a tab without considering the maximum possible recovery").

This factor also is present in disallowance of fees under *§ 330(a)(4)(A)* for services not likely to benefit the estate.

Under the circumstances of this case, a professional fee application seeking **$13,950** (in addition to the pre-petition fee received of $1,000) where the case was never in position to achieve confirmation was of little to no benefit to the estate.

Clearly, the exorbitant and unconscionable compensation request by Applicant must be rejected.

### III. CONCLUSION

Debtor respectfully submits that the Application filed by Applicant is unconscionable and stunningly not proportionate with the circumstances of this case as well as violative of the requirements of *Section 330(a)*.

An appropriate number of hours that fit within the strictures of *Section 330* for compensation consists of no more than 10 hours of work ($3,750 billed at $375.00), including the pre-petition fee of $1,000 already paid by Debtor Mr. Singh, instead of the *thirty-seven point two (37.2)* hours sought by Applicant.

Respectfully submitted,

Dated: January 9, 2025

Law Offices of Robert Goldstein

/s/ *Eduardo A. Gonzalez*
Eduardo A. Gonzalez, Esq.
Attorneys for Debtor Singh