Susan D. Silveira SBN # 169630
Silveira Law Offices
2037 W. Bullard Avenue #311
Fresno, CA 93711-1200
Phone (408) 265-3482
Fax (408) 265-7479
silveiralaw@earthlink.net

Attorney for Debtor
Prithpal Singh

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 13 |
| ) | |
| PRITHPAL SINGH ) | CASE NO.: 24-50983 SLJ |
| ) | |
| ) | Date: January 23, 2025 |
| ) | Time: 10:00 am |
| Debtor. ) | Place: Telephone/Videoconference |
| ) | |

**APPLICANT 'S RESPONSE TO OBJECTION TO APPLICATION FOR COMPENSATION**

  Applicant and former counsel to Debtor, Prithpal Singh, Susan D. Silveira of Silveira Law Offices, provides the following response to the Objection to her application for Compensation. This response is based on the records and files herein and supplemental materials filed by Applicant.

  The Objection filed fails to take into account the reduction of fees that Applicant has already provided. The amount of fees and costs sought for payment is $12, 387.80. This represents 32.9 hours of work for a total of $12, 350.00 and $37.80 in costs over a period of performance of legal services from November 22, 2023 through December 2, 2024.

  11 U.S.C. §330 sets forth the basis for awarding attorney fees to debtor's counsel. It specifically states that " In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the

benefit and necessity of such services to the debtor and the other factors set forth in this section."
11 U.S.C. (a)(4) (B). "The" (p)urpose of 11 USCS § 330 is to compensate attorneys in bankruptcy proceedings at (the) same rate for comparable services in non-bankruptcy cases, so that highly qualified specialists will not be forced to abandon bankruptcy work for more remunerative legal work; 11 USCS § 330 is designed to overrule judicial theory of "economy of estate". In re Nucorp Energy, 764 F.2d 655, 13 Bankr. Ct. Dec. (LRP) 435, Bankr. L. Rep. (CCH) 70609, 12 Collier Bankr. Cas. 2d (MB) 1463, 1985 U.S. App. LEXIS 20043 (9th Cir. 1985).

"In determining the reasonableness of the hours expended for purposes of a fee application under 11 USCS. § 330, the bankruptcy court must exclude time that is excessive, redundant or otherwise unnecessary. In doing so, the court must not penalize attorneys by viewing the efforts of counsel with the benefit of 20/20 hindsight. Hours for an activity or project should be disallowed only where a court is convinced it is readily apparent that no reasonable attorney should have undertaken that activity or project or where the time devoted was excessive. This supports the salutary objective that attorneys should not be deterred from undertaking the representation of debtors in bankruptcy cases, including cases that may pose significant challenges and an uncertain outcome, due to a risk of inadequate compensation." In re Korea Chosun Daily Times, Inc., 337 B.R. 758 at 767 (Bankr. Ct. ED NY 2005)

The Objection is based on decisions in Chapter 11 cases which do not focus on the benefit to the debtor. In the instant case, debtor clearly benefitted from the work necessary to prepare his case and attend to all tasks necessary to work towards confirmation of his case. But for debtor's unknown and unpredictable change in cooperation, his case could have been confirmed. Debtor is an above-median debtor with at least 28 creditors and required assistance in the preparation of a full and accurate profit and loss statement for 2023 and 2024. Debtor did not have any profit and loss statements and did not have a separate business account for his business, Desi Beatz LLC, which resulted in a painstaking effort from counsel to parse out business income deposits and expenses from two bank accounts, each with checking and savings.(One closed prior to the filing of the case as noted in the Statement of Financial Affairs). Also, due to the delay in obtaining the necessary information to complete the profit and loss statement(s), the

debtor's petition schedules required substantial revision due to updated information. When schedules, and the means test and plan calculations have to be revised and updates, it is basically a do-over of what has been done before. The total amount of time billed for work in bankruptcy petition, schedules and plan was 7.4 hours over a 6 month period of time.

The Objection simply states that only 10 hours of work was necessary for this case in the one year that Applicant has represented the debtor. Applicant submits that this type of hindsight is not based on any rational connection to the actual work required in this case by any competent bankruptcy attorney. It should also be noted that the Objection does not address or challenge any specific time entries.

Furthermore, the Debtor agreed to payment of $24,000 in fees for this case due to the 25.7 hours required to prepare his case as evidenced by his signature in his Chapter 13 Plan and does not dispute this fact. Even, if limited to the presumptive flat fees of $14,700, Applicant's application should be approved.

**CONCLUSION**

There is no dispute that Applicant performed the work set forth in the Application for Compensation before the court. Applicant's work was reasonable and necessary and of benefit to the debtor. Applicant requests that her Application be approved.

Dated: January 19, 2025                            SILVEIRA LAW OFFICES

                                              /s/ Susan D. Silveira
                                              Susan D. Silveira
                                              Former Attorney for Debtor