Susan D. Silveira SBN # 169630
Silveira Law Offices
2037 W. Bullard Avenue #311
Fresno, CA 93711-1200
Phone (408) 265-3482
Fax (408) 265-7479
silveiralaw@earthlink.net

Attorney for Debtor
Prithpal Singh

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 13 |
| ) | |
| PRITHPAL SINGH ) | CASE NO.: 24-50983 SLJ |
| ) | |
| ) | Date: January 23, 2025 |
| ) | Time: 10:00 am |
| Debtor. ) | Place: Telephone/Videoconference |
| ) | |

**SUPPLEMENTAL DECLARATION OF COUNSEL IN SUPPORT OF APPLICATION FOR COMPENSATION**

I, Susan D. Silveira, declare and certify as follows:

1. I am an attorney duly licensed to practice before all courts in the State of California and before the Northern District of California. I am a solo practitioner doing business as Silveira Law Offices formerly representing the debtor, Prithpal Singh, in the above-referenced bankruptcy proceeding. I make this declaration of my own personal knowledge and if called to testify as a witness in this matter, I could and would testify competently thereto.

2. I did not receive proper service of the Objection to my Application for Compensation. When counsel substituted, I was removed from the automatic electronic service list and the objection was not mailed to me. I happened to review the file on PACER and discovered the objection on January 14, 2025.

3. I am a California Certified Specialist in Bankruptcy Law. I have been a bankruptcy practitioner for more than twenty (20) years. I have a 97% success rate in case

completion and discharge in the Chapter 13 cases I have handled.

4. The reasonably presumptive fees for this case under the current flat fees set out in the Rights and Responsibilities form would be $14, 700.

5. Based on the additional work required in preparing Mr. Singh's case for filing, the client and I agreed to an estimated amount of fees at $24,000 as set forth in the Chapter 13 Plan. These fees were fully discussed and agreed to by the client in the fee agreement (not attached due to attorney-client privilege) but provided to Mr. Singh's current counsel. The fee agreement signed by Mr. Singh clearly explains that I have the right to seek payment of fees and costs in the event his bankruptcy case is dismissed.

6. I performed the services for which I now seek compensation because I believed them to be reasonably necessary and most likely to benefit the debtor and his estate at the time.

7. The fact that this case is not yet confirmed is not in any way due to any lack of effort on my part. An unforeseen change in the client's cooperation caused this case not to proceed to confirmation. I am prevented from any further explanation due to attorney-client privilege.

8. I have provided all files to the debtor's current counsel. After the execution of proper waivers, Mr. Goldstein and I discussed the status of the case and he has been fully apprised of the circumstances preventing my being able to complete the work necessary to get the case confirmed. It is misleading to suggest that if I had spent less time working this case, that it would have been confirmed.

9. At the beginning of representation in each bankruptcy case, I fully explain the basis for which clients will be billed for services. The clients sign a fee agreement fully explaining this and the fee agreement specifies whether they are paying the presumptive flat fees or an estimate of total fees for which I will have to seek court approval. The fee agreement also outlines circumstances in which additional fees may be sought. When it comes time to submit an application for fees, we discuss how those fees will be paid. In all instances, my fees have been

paid by ongoing plan payments or as part of payment through a plan where the debtor(s) are selling or refinancing their home to apply proceeds to their plan payments. In other cases, a plan modification was filed or arrangements made with the Chapter 13 Trustee to continue making plan payments beyond the plan term.

10. In this case, our initial fee arrangement was for my hourly rate of $375. In the subsequent revised agreement to address the increase in anticipated fees due to the longer than usual amount of time required to prepare the case, my hourly rate had increased to $400 per hour. I gave the debtor the benefit of the lower hourly rate in this application.

11. The Chapter 13 Trustee is holding $9,619 which should be applied to payment towards the fees and costs of $12,387.80 sought in my application. ( Not the $13,950 stated in Mr. Goldstein's opposition.)

12. The debtor has received a copy of this fee application and was invited to discuss any concerns with me, as was his current attorney. Neither of them contacted me to discuss any concerns about "excessive" fees.

13. This is the first time where circumstances require I request approval of fees and costs in a case where I will not be paid according to the terms of the debtor's plan. Realistically, my only chance for payment is from the funds now held by the Chapter 13 Trustee.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this certification was executed on January 19, 2025, in Fresno, California.

/s/ Susan D. Silveira
Attorney for Debtor

3